THOMAS E. BRASTOW, and others, *vs.* GEORGE H. M. BARRETT.

Knox. Opinion December 11, 1889.

*Pleading. Abatement. Pendency of same cause.*

A plea in abatement of the pendency of another action in this court, for the same cause and between the same parties, must set out or enroll the record or declaration of such action.

ON EXCEPTIONS.

The defendant excepted to the ruling of the court sustaining a demurrer to the following plea in abatement:—

Knox, ss.

SUP. JUD. COURT, MARCH TERM, A. D. 1889.
*Thomas E. Brastow et als.* v. *George H. M. Barrett.*

New entry. Writ dated December 6, 1888.

And the said defendant comes and defends &c., when &c., and saith that he ought not to be held to answer to the above writ and declaration of the plaintiffs against him but that the said writ ought to abate, because he says that at the time of the purchase of said writ and of the plaintiffs declaring therein, to wit: on the twenty-seventh day of November, A. D. 1888, the said plaintiffs purchased one other writ of that date returnable to the December term of said Sup. Jud. court, in and for said Knox county, and declared therein against the said defendant in a certain plea of land for the same cause of action in the writ and declaration aforesaid first mentioned, as by the files and record thereof, in this court remaining, appears.

And the said Thomas E. Brastow, Wilson A. Merriam and Edwin A. Morrill named as plaintiffs in both actions aforesaid, and the said George H. M. Barrett, named in both actions aforesaid as defendant, are the same persons and not others or divers; and the said plea of land is now pending in this court under docket No. 264 and yet remains undetermined. All of which the said defendant is ready to verify.

Wherefore, he prays judgment of the said writ, and that the same may be quashed.

*J. E. Hanly,* for defendant.

Plea sets out date of former writ, names of the parties, term of court to which writ is returnable, the plea, the docket number, and so much of the record cited in the plea as constitutes a sufficient setting out of the record or process.

*C. E. Littlefield,* for plaintiffs.

VIRGIN, J. The defendant pleads in abatement of this action the pendency in this court, in this county, of another action between the same parties for the same cause ; but has not set out, or enrolled in or with his plea the record or declaration on which he relies ; which omission the plaintiff contends is fatally defective to the plea.

In *Fahy* v. *Brannagan,* 56 Maine, 42, and *Turner* v. *Whitmore,* 63 Maine, 526, this court substantially adopted the old English

practice, which required such setting out or enrolling of the record or declaration, although the English courts later seem to have modified their practice by adopting the more concise form, used in this case, of referring to the files and records of the court.

We feel bound by the cases cited, although the precise question was not distinctly raised therein.

The result is the entry must be

> *Demurrer sustained. Plea adjudged bad.*
> *Defendant to answer over.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.